**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Ryujin Fujinomaki,<br><br>   Plaintiff,<br><br> v.<br><br>Google, Inc., Samsung Electronics Co., Ltd,<br>Samsung Electronics America, Inc., Samsung<br>Telecommunications America, LLC, Motorola<br>Mobility Holdings, Inc., Motorola Mobility LLC, LG<br>Electronics Inc, LG Electronics Mobilecomm U.S.A.<br>Inc., LG Electronics U.S.A. Inc., Asutek Computer<br>Inc, Asus Computer International Inc., and Huawei<br>Technologies Co., Ltd.<br><br>   Defendants. | Civil Case No. 2:15cv1381<br><br>JURY TRIAL DEMANDED |

## <u>DEFENDANTS SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S ANSWER AND COUNTERCLAIMS</u>

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

Telecommunications America, LLC ("Samsung") respectfully submit this Answer in response to

Ryujin Fujinomaki's Complaint, filed July 31, 2015.  Samsung specifically denies all allegations

not expressly admitted below. Responding to the individually enumerated paragraphs of the

Complaint, Samsung states as follows:

## I.  THE PARTIES

1.  Samsung admits that Ryujin Fujinomaki has asserted that he is addressed at

Cerulean Tower 15F, 26-1, Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512. Samsung

admits that what appears to be a copy of the Patent Assignment Abstract of Title for U.S. Patent

No. 6,151,493 is attached to the Complaint. Except as expressly admitted or denied, Samsung is

without sufficient information or knowledge to admit or deny the allegations of paragraph 1 of

the Complaint, and therefore, denies them.

2.      Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3.      Defendant Samsung Electronics Co., Ltd. admits that it is a Korean corporation with a principal place of business at the correct address of 129 Samsung-ro (Maetan-dong), Yeongtong-gu, Suwon-si, Gyeonggi-do 443-742, Korea.  Samsung denies any remaining allegations of paragraph 3 of the Complaint.

4.      Defendant Samsung Electronics America, Inc. admits that it is a New York corporation with a principal place of business at the correct address of 85 Challenger Rd., Ridgefield Park, New Jersey 07660. Samsung denies any remaining allegations of paragraph 4 of the Complaint.

5.      Defendant Samsung Telecommunications America, LLC ("STA") admits that it formerly existed as a wholly owned subsidiary of Samsung Electronics America, Inc. ("SEA"). Effective January 1, 2015, STA merged with and into SEA, and therefore, STA no longer exists as a separate entity. The three Samsung defendants have collectively filed an unopposed motion to dismiss STA without prejudice. Samsung denies any remaining allegations of paragraph 5 of the Complaint.

6.      Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis denies them.

7.      Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

8.      Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9.      Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis denies them.

## II.    **JURISDICTION AND VENUE**

14.     Samsung admits that, on its face, the Complaint is an action for patent infringement arising under the patent laws of the United States. Samsung further admits that this court has jurisdiction over the subject matter of the Complaint under the laws of the United States concerning actions related to patents under 28 U.S.C. §§ 1331 and 1338(a). Samsung admits that the United States is a party to the Paris Convention Treaty.  Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning the Japan Friendship Commerce and Navigation Treaty, and therefore denies them. Samsung denies that whether this Court has jurisdiction over Samsung in this case is directly answered by the

Constitution of the United States. Samsung denies any remaining allegations of Paragraph 14 of the Complaint.

15.    Samsung admits that it is subject to the personal jurisdiction of this Court. Samsung admits that it conducts business in the Eastern District of Texas. Samsung denies it has committed or induced any acts of infringement, and denies the legal sufficiency of Plaintiff's claims and allegations in support thereof. To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 15 of the Complaint.

16.    Samsung admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, but denies that venue is convenient. Samsung admits that it is subject to personal jurisdiction in this district and that it has conducted business in this district. To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 16 of the Complaint.

## III.    **THE PATENT**

17.    Samsung admits that the United States Patent and Trademark Office granted U.S. Patent No. 6,151,493 ("the '493 Patent") on November 21, 2000, which reflects a filing date of December 30, 1997. Samsung admits that what appears to be a copy of U.S. Patent No. 6,151,493 is attached to the Complaint. Except as expressly admitted, Samsung denies any remaining allegations of Paragraph 17 of the Complaint.

18.    Samsung denies that each claim of the '493 Patent is valid and enforceable.

19.    Samsung admits that Plaintiff purports to be the owner of all rights, title, and interest in the '493 Patent. To the extent not expressly admitted, Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the

Complaint, and on that basis denies them.

**IV.   <u>FACTUAL ALLEGATIONS</u>**

20.   Samsung admits that the '493 Patent purports to cover a "use prohibition system." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 20 of the Complaint.

21.   Samsung admits that on November 21, 2000 the United States Patent and Trademark Office granted the '493 Patent, entitled "Device for Prohibiting Unauthorized Use of Electronic Devices."

22.   Samsung admits that Plaintiff has attached as Exhibit 22 articles that appear to describe an agreement between Google and Samsung. To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 22 of the Complaint.

23.   Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies them.

24.   Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies them.

25.   Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies them.

26.   Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies them.

27.   Samsung lacks sufficient knowledge or information to form a belief as to the truth

of the allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies them.

29.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies them.

30.     Samsung admits that Plaintiff has attached as Exhibit 30 an article that appears to be titled "Smart lock screen security options in Android 5.0 Lollipop." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 30 of the Complaint.

31.     Samsung admits that Plaintiff has attached as Exhibit 31 an article that appears to be titled "6 things you didn't know about smartwatches." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 31 of the Complaint.

32.     Samsung admits that Plaintiff has attached as Exhibit 32 an article that appears to be titled "Android Lollipop's Best New Security Features."  To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 32 of the Complaint.

33.     Samsung admits that Plaintiff has attached as Exhibit 33 an article that appears to be titled "15 Tips and Tricks for Android Lollipop Users." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 33 of the Complaint.

34.     Samsung admits that Plaintiff has attached as Exhibit 34 an article that appears to be titled "The Ultimate Android Wear Guide." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 34 of the Complaint.

35.     Samsung admits that Plaintiff has attached as Exhibit 35 an article that appears to be titled "The Next Big Thing For Business Is Here Samsung For Enterprise." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 35 of the Complaint.

36.     Samsung admits that Plaintiff has attached as Exhibit 36 a blog that appears to be titled "Wearable Tech: Samsung Galaxy Gear Smartwatch review." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 36 of the Complaint.

37.     Samsung admits that Plaintiff has attached as Exhibit 37 a blog that appears to be titled "How to: Enable Lollipop's Smart Lock in TouchWiz on the Samsung Galaxy S5." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 37 of the Complaint.

38.     Samsung admits that Plaintiff has attached as Exhibit 38 an article that appears to be titled "6 things Samsung Galaxy S6 does that iPhone 6 can't." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Samsung admits that Plaintiff has attached as Exhibit 39 a blog that appears to be titled "Android 5.0 (aka Lollipop) and Moto 360 and Android Wear." To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 39 of the Complaint.

40.     Samsung denies the allegations in Paragraph 40 of the Complaint.

41.     Samsung denies the allegations in Paragraph 41 of the Complaint.

42.     Samsung lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis denies them.

**V.    DEFENDANTS' ACTS**

**<u>GOOGLE</u>**

43.    Samsung admits that Android 5.0 is the operating system provided by Google for devices such as Smartphones, Tablets, and/or similar devices. To the extent not expressly admitted, Samsung lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint, and on that basis denies them.

44.    Samsung admits that Android Wear is the operating system provided by Google for Wearable devices. To the extent not expressly admitted, Samsung lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and on that basis denies them.

45.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and on that basis denies them.

46.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis denies them.

47.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis denies them.

**<u>SAMSUNG</u>**

48.    Samsung admits that it manufactures and/or sells phones and tablets that may use the Android operating system. Samsung admits that its phones and tablets may come preinstalled with or be able to update to Android 5.0. To the extent not expressly admitted, Samsung denies

any remaining allegations in Paragraph 48 of the Complaint.

49.     Samsung admits that it develops and/or provides application software such as the Gear Manager and Gear Fit Manager applications (collectively the "Gear Applications"). Samsung admits that the Gear Applications are available to download to certain Samsung phones. Samsung further admits that the Gear Applications can be used to some extent to allow a user to pair certain Samsung devices with certain Samsung phones. To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 49 of the Complaint.

50.     Samsung admits that it manufactures and/or sells Samsung Gear Live, Samsung Gear Fit, and Samsung Gear S devices. To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 50 of the Complaint.

51.     Samsung denies the allegations in Paragraph 51 of the Complaint.

**<u>MOTOROLA</u>**

52.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis denies them.

53.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis denies them.

54.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and on that basis denies them.

55.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis denies them.

**LG**

56.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis denies them.

57.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis denies them.

58.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis denies them.

59.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis denies them.

**ASUS**

60.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis denies them.

61.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and on that basis denies them.

62.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and on that basis denies them.

63.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and on that basis denies them.

**HUAWEI**

64.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and on that basis denies them.

65.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and on that basis denies them.

66.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and on that basis denies them.

**VI.     FIRST CLAIM FOR PATENT INFRINGEMENT:  GOOGLE**

67.     Samsung repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-66 of the Complaint.

68.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, and on that basis denies them.

69.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint, and on that basis denies them.

70.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and on that basis denies them.

71.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and on that basis denies them.

72.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and on that basis denies them.

73.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and on that basis denies them.

74.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and on that basis denies them.

75.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and on that basis denies them.

76.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and on that basis denies them.

77.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and on that basis denies them.

78.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and on that basis denies them.

79.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and on that basis denies them.

80.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and on that basis denies them.

## VII.     SECOND CLAIM FOR PATENT INFRINGEMENT:  SAMSUNG

81.     Samsung repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-80 of the Complaint.

82.     Samsung denies the allegations in Paragraph 82 of the Complaint.

83.     Samsung denies the allegations in Paragraph 83 of the Complaint.

84.     Samsung admits that it makes, uses, sells, offers for sale, and/or distributes its phones, tablets, and/or wearable devices in the Eastern District of Texas, in the State of Texas, and/or within the United States. Samsung denies that the permission of the Plaintiff is required for Samsung to do so. To the extent not expressly admitted, Samsung denies any remaining allegations in Paragraph 84 of the Complaint.

85.     Samsung denies the allegations in Paragraph 85 of the Complaint.

86.     Samsung denies the allegations in Paragraph 86 of the Complaint.

87.     Samsung denies the allegations in Paragraph 87 of the Complaint.

88.     Samsung denies the allegations in Paragraph 88 of the Complaint.

89.     Samsung denies the allegations in Paragraph 89 of the Complaint.

90.     Samsung denies the allegations in Paragraph 90 of the Complaint.

91.     Samsung denies the allegations in Paragraph 91 of the Complaint.

92.     Samsung denies the allegations in Paragraph 92 of the Complaint.

93.     Samsung denies the allegations in Paragraph 93 of the Complaint.

94.     Samsung denies the allegations in Paragraph 94 of the Complaint.

## VIII.   THIRD CLAIM FOR PATENT INFRINGEMENT:  MOTOROLA

95.     Samsung repeats and incorporates herein its responses to the allegations set forth

in Paragraphs 1-94 of the Complaint.

96.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint, and on that basis denies them.

97.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint, and on that basis denies them.

98.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint, and on that basis denies them.

99.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and on that basis denies them.

100.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint, and on that basis denies them.

101.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and on that basis denies them.

102.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and on that basis denies them.

103.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and on that basis denies them.

104.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and on that basis denies them.

105.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and on that basis denies them.

106.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint, and on that basis denies them.

## IX.   FOURTH CLAIM FOR PATENT INFRINGEMENT:  LG

107.     Samsung repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-106 of the Complaint.

108.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and on that basis denies them.

109.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and on that basis denies them.

110.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint, and on that basis denies them.

111.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, and on that basis denies them.

112.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint, and on that basis denies them.

113.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint, and on that basis denies them.

114.     Samsung lacks sufficient knowledge or information to form a belief as to the truth

of the allegations in Paragraph 114 of the Complaint, and on that basis denies them.

115.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, and on that basis denies them.

116.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, and on that basis denies them.

117.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and on that basis denies them.

118.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and on that basis denies them.

## X.    FIFTH CLAIM FOR PATENT INFRINGEMENT:  ASUS

119.    Samsung repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-118 of the Complaint.

120.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and on that basis denies them.

121.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint, and on that basis denies them.

122.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint, and on that basis denies them.

123.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint, and on that basis denies them.

124.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint, and on that basis denies them.

125.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint, and on that basis denies them.

126.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint, and on that basis denies them.

## XI.     SIXTH CLAIM FOR PATENT INFRINGEMENT:  HUAWEI

127.     Samsung repeats and incorporates herein its responses to the allegations set forth in Paragraphs 1-126 of the Complaint.

128.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint, and on that basis denies them.

129.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint, and on that basis denies them.

130.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint, and on that basis denies them.

131.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint, and on that basis denies them.

132.     Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint, and on that basis denies them.

133.     Samsung lacks sufficient knowledge or information to form a belief as to the truth

of the allegations in Paragraph 133 of the Complaint, and on that basis denies them.

134.    Samsung lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint, and on that basis denies them.

## XII.   PLAINTIFF'S JURY DEMAND AND PRAYER FOR RELIEF

Mr. Fujinomaki's request for a trial by jury does not require a response. Samsung denies that Mr. Fujinomaki is entitled to the relief requested in Paragraphs 1-7 of his Prayer for Relief, or to any relief whatsoever.

### SAMSUNG'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Samsung necessarily bears the burden of persuasion for any of the following, Samsung asserts the following affirmative and other defenses in response to the allegations in the Complaint. Samsung reserves the right to allege additional defenses, including inequitable conduct, as they become known through the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

Samsung did not, and does not, directly or indirectly infringe, or contribute to or induce the infringement of any valid or enforceable claim of the '493 patent, either literally or under the doctrine of equivalents, or under any theory, and has not otherwise committed any act in violation of 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the '493 patent are invalid and unenforceable because they fail to comply with one or more of the statutory requirements of patentability specified by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiff's complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standards for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  For example, Plaintiff fails to adequately allege that Samsung had knowledge of Plaintiff's patent before Plaintiff filed its lawsuit in July 2015.

### FOURTH AFFIRMATIVE DEFENSE
**(Injunctive Relief Not Warranted)**

Plaintiff is not entitled to injunctive relief because any alleged injury to Mr. Fujinomaki is not immediate or irreparable and Mr. Fujinomaki has an adequate remedy at law.  Plaintiff can obtain full compensation through the legal remedy of an award of money damages after a full trial.

### FIFTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel/Prosecution Disclaimer)**

Plaintiff's claims for patent infringement are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made to the U.S. Patent and Trademark Office during the prosecution of the patent applications resulting in the '493 Patent.  Plaintiff is estopped from asserting that Samsung has infringed directly or indirectly, any claim of the patent-in-suit, either literally or under the doctrine of equivalents.

### SIXTH AFFIRMATIVE DEFENSE
**(No Exceptional Case)**

Plaintiff is not entitled to seek any enhanced damages or attorneys' fees because he has failed to provide notice of alleged infringement prior to the filing of any complaint, or failed to meet the requirements of willfulness.  Samsung has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if he prevails, from recovering its reasonable attorneys'

fee or costs under 35 U.S.C. § 285.  Accordingly, this is not an exceptional case justifying an award of attorneys' fees against Samsung.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Limited Damages and Costs)**

Plaintiff's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Laches, Estoppel, Waiver and/or Acquiescence)**

The complaint is limited by the doctrines of laches, estoppel, waiver, and/or acquiescence.

**COUNTERCLAIMS**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung") hereby allege the following Counterclaims against Plaintiff, Ryujin Fujinomaki:

**GENERAL ALLEGATIONS AND PARTIES**

1.      Samsung Electronics Co., Ltd. is a Korean corporation with a principal place of business at 129 Samsung-ro (Maetan-dong), Yeongtong-gu, Suwon-si, Gyeonggi-do 443-742, Korea.

2.      Samsung Electronics America, Inc. is a New York corporation with a principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

3.      Mr. Fujinomaki may be addressed at Cerulean Tower 15F, 26-1, Sakuragaoka-cho, Shibuya-ku, Tokyo, Japan 150-8512.

4.      Mr. Fujinomaki has subjected himself to the jurisdiction of this Court via, *inter alia,* asserting his infringement claims. This Court has subject matter jurisdiction over

Samsung's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Samsung admits that venue is proper in this district based on Mr. Fujinomaki's assertion of his patent infringement claims and/or based on 28 U.S.C. §§ 1391 and 1400(b), but denies that venue is convenient.

5.      An actual case or controversy between the parties exists because Mr. Fujinomaki has alleged and is alleging infringement of U.S. Patent No. 6,151,493 ("the '493 Patent") by Samsung and Samsung denies those assertions.

### FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement)**

6.      Samsung repeats and re-alleges the allegations and averments set forth in paragraphs 1-5 of these Counterclaims.

7.      An actual and justiciable case or controversy exists between Samsung and Mr. Fujinomaki concerning the alleged infringement, validity, and enforceability of the '493 patent by virtue of Mr. Fujinomaki's allegations of infringement in this action.

8.      Samsung has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '493 Patent, and Samsung is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Samsung has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '493 Patent.

### SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

9.      Samsung repeats and re-alleges the allegations and averments set forth in paragraphs 1-5 of these Counterclaims.

10.     An actual and justiciable case or controversy exists between Samsung and Mr.

Fujinomaki concerning the validity of the '493 Patent by virtue of Mr. Fujinomaki's assertion of infringement of that patent by Samsung, which assertion Samsung denies.

11.     The '493 Patent is invalid for failure to meet the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112. Samsung is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the '493 Patent are invalid.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim-Plaintiff Samsung requests a trial by jury on all issues so triable in connection with both Mr. Fujinomaki's complaint and Samsung's Defenses and Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays for an Order and Judgment against Plaintiff and Counterclaim-Defendant Ryujin Fujinomaki as follows:

1.      that Mr. Fujinomaki's Complaint be dismissed with prejudice;

2.      that Mr. Fujinomaki be denied any and all relief requested in his Complaint;

3.      that the Court deny any preliminary or permanent injunctive relief in favor of Mr. Fujinomaki and against Samsung;

4.      that Mr. Fujinomaki shall take nothing by way of his Complaint;

5.      that Samsung has not infringed and is not infringing any valid claim of the '493 Patent, directly or indirectly, either literally or under the doctrine of equivalents;

6.      that each and all of the claims of the '493 patent is invalid and/or unenforceable;

7.      that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and that Mr. Fujinomaki be required to pay costs of suit that Samsung has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

8.      that Samsung be granted such other and further relief as this Court deems just and equitable.

Dated: November 23, 2015

/s/ Thad C. Kodish
Ruffin B. Cordell
TX Bar No. 04820550
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC 20005
Phone: (202) 783-5070
Fax: (202)783-2331
cordell@fr.com

Thad C. Kodish
GA Bar No. 427603
Ajit Dang
GA Bar No. 352611
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, Georgia 30309
Phone: (404) 892-5005
Fax: (404) 892-5002
tkodish@fr.com
dang@fr.com

Jane J. Du
TX Bar No. 24076355
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Phone: (214) 747-5070
Fax: (2014) 747-2091
du@fr.com

**Attorneys for Defendants Samsung
Electronics Co., Ltd, Samsung Electronics
America, Inc., and Samsung
Telecommunications America, LLC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have

consented to electronic service are being served with a copy of **DEFENDANTS SAMSUNG**

**ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., AND**

**SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.'S ANSWER AND**

**COUNTERCLAIMS**, *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 23rd

day of November, 2015.


/s/ *Jane J. Du*
Jane J. Du