IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RYUJIN FUJINOMAKI,  Plaintiff,  v.  GOOGLE INC., ET AL.  Defendants. | Civil Action No. 2:15-cv-1381-JRG-RSP |

### MEMORANDUM ORDER

Pending before the Court is a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 filed by Defendant Google Inc. (Dkt. No. 47). All other Defendants filed Notices of Joinder in Google's Motion to Transfer. (Dkt. Nos. 62, 69, 80). The Court held an evidentiary hearing on the Motion to Transfer[1] May 3, 2016.

Defendants assert that this case should be transferred to the Northern District of California. Plaintiff opposes transfer. The Court, having considered the facts and arguments, finds that transfer is warranted in this case.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a

---

[1] "Motion to Transfer" as used herein refers collectively to Google's Motion and Defendants' Notices of Joinder in Google's Motion.

district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

Defendants presented evidence at the hearing that the majority of party and third-party witnesses who have knowledge of the accused features are located in the Northern District of California. Plaintiff did not present meaningful countervailing or rebuttal evidence. In particular, no party identified any specific witness or piece of evidence located in the Eastern District of Texas.

The Court finds that four factors strongly favor transfer. First, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *See Genentech*, 566 F.3d at 1345. The majority of relevant documents in this case are located in California, and it is not clear that any documents are located in the Eastern District of Texas. Second, because "[t]he convenience of the witnesses is probably the single most important factor in a transfer analysis" the location of the witnesses in this case strongly favors transfer. *See Genentech*, 566 F.3d at 1342. Third, the Northern District of California has the power to compel several identified third-parties to appear at trial, and this Court does not. Fed. R. Civ. P. 45. Fourth, "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice," and the Court therefore concludes that judicial economy favors adjudicating Plaintiff's claims against all Defendants in the same forum. *See In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012). The Court finds that the remaining factors are neutral as to transfer.

A motion to transfer venue should be granted when the moving party shows the proposed transferee venue is "clearly more convenient." *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. The Court has weighed the evidence and finds that the Northern District of California is clearly more convenient. Google's Motion to Transfer Venue (Dkt. No. 47) together with Defendants' Notices of Joinder in Google's Motion to Transfer (Dkt. Nos. 62, 69, 80) are **GRANTED**. The clerk is directed to transfer this case to the Northern District of California.

**SIGNED this 13th day of May, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE