United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYUJIN FUJINOMAKI,

     Plaintiff,

    v.

GOOGLE, LLC, et al.,

     Defendants.

Case No. 3:16-cv-03137-JD

**ORDER RE ATTORNEYS' FEES AND COSTS**

Re: Dkt. No. 265

Plaintiff Fujinomaki, a Japanese citizen, initially filed this patent case in the Eastern District of Texas in July 2015 asserting that defendants had infringed U.S. Patent No. 6,151,493 ("the '493 patent"). Dkt. No. 1. The '493 patent describes a system to prevent unauthorized use of an electronic device, such as a cell phone, by disabling it once it is a certain distance away from a paired device. The accused products included smart watches and cell phones that run defendant Google, LLC's Android operating system, which is equipped with a Bluetooth-based "Smart Lock" feature. *Id.*

Fujinomaki proceeded pro se until counsel Barry Bumgardner entered his appearance in November 2015. Defendant Google, LLC, moved to transfer the case to the Northern District of California under 28 U.S. Code Section 1404(a), which Fujinomaki, now represented by counsel, opposed. By April 2016, the parties had exchanged infringement and invalidity contentions, submitted a joint claim construction statement, and conducted limited discovery. *See* Dkt. No. 194 at 3. In May 2016, the Texas court transferred the case here after an evidentiary hearing on the transfer motion. Dkt. Nos. 144, 160.

In August 2016, defendants filed a petition for *inter partes* review of all asserted claims. Dkt. No. 193. The PTAB instituted review in February 2017, Dkt. No. 242, and the Court stayed all proceedings pending the PTAB's disposition of the claims, Dkt. No. 249. In January 2018, the

PTAB found all claims at issue unpatentable.  Dkt. No. 256.  Plaintiff declined to appeal the PTAB decision, Dkt. No. 261, and the Court entered judgment against Fujinomaki, Dkt. No. 263. Defendants have now moved for attorneys' fees under Section 285 of the Patent Act, sanctions under 28 U.S. Code Section 1927, and costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Dkt. No. 265.  Fees and sanctions are denied.

Section 285 of the Patent Act provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.  The Court set out the standards that govern Section 285 fee awards in *In re Protegrity Corp.*, No. 3:15-MD-02600-JD, 2017 WL 747329 (N.D. Cal. Feb. 27, 2017).  "The district court determines whether an action qualifies as exceptional in light of the totality of the circumstances in each case.  Relevant factors include, but are not limited to, 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'  A preponderance of the evidence standard applies, and the disposition of the fee request is entrusted to the district court's sound discretion." *Id.* at *2 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1754-56 (2014)) (other citations omitted).  Fee shifting is warranted only where "the totality of the circumstances . . . show[s] that a case was egregious on the merits or in the way it was handled, or in some combination of the two." *Id.*

In *In re Protegrity*, the Court emphasized two points.  First, fee "shifting is not imposed as a penalty just for losing a patent infringement case. . . . The determinative test is 'the substantive *strength* of a party's litigating position' and specifically whether it was 'so merit-less as to "stand out" from the norm and, thus, be exceptional.'" *Id.* at *3 (citing *SFA Systems, LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (quoting *Octane Fitness*, 134 S. Ct. at 1756) (emphasis in *SFA Systems*)).  Second, "the facts that brand a case as exceptional should be fairly visible in the record. . . . A fee motion should not force the court to painfully reconstruct the minutiae of old arguments or spend days poring over masses of conflicting declarations, transcripts and other evidence." *Id.*

Exceptional circumstances are not present here. The undisputed record shows that attorney Bumgardner and his firm researched the merits of Fujinomaki's complaint before and after taking on the case. The research confirmed attorney Bumgardner's view that the accused products did infringe the '493 patent. For example, defendants do not take issue with Bumgardner's sworn declaration that before agreeing to represent Fujinomaki, Bumgardner researched the '493 patent and its prosecution history and worked up a claim chart for the accused products. Dkt. No. 273-1 ¶¶ 3-17. After Bumgardner appeared on behalf of Fujinomaki, he and his law firm continued testing the accused products and retained the services of two consultants with expertise in wireless communication systems before serving infringement contentions. *See id.* at ¶¶ 18-24. This record supports the inferences that Fujinomaki's infringement claims were not egregious on the merits and that attorney Bumgardner and his firm did not litigate in bad faith.

Defendants offer two reasons why the case should be considered exceptional, but neither is persuasive. First, they say that Fujinomaki himself didn't do enough research before he filed his lawsuit pro se. Dkt. No. 265 at 2. That is not at all supported by the record or by the law. Defendants concededly do not challenge the adequacy of Bumgardner's testing and research once the case was brought to his attention. Dkt. No. 276 at 1. And defendants have virtually no evidence to back up their claim that Fujinomaki unreasonably filed suit. They rely only on the rather bizarre fact that Fujinomaki's pre-suit patent consultant, Amani Bey, apparently contacted defendants after the lawsuit was filed to inform them about "Plaintiff's failure to comply with Rule 11." Dkt. No. 265-3 at 2. How Bey did this without breaching a duty or at the very least a contractual obligation to Fujinomaki is not clear, but in any event, this purported incident is just a sideshow. Defendants present the incident mainly with hearsay evidence, and offer no documents to support Bey's accusation. Other evidence strongly suggests that Bey was hardly an unbiased or trustworthy source. He reached out to defendants only after Fujinomaki sued him in Japan for failure to provide promised services. Dkt. No. 273-37 ¶ 21. In addition, Bey's allegations are contradicted by the declaration of Tatsuya Ichinomiya, Dkt. No. 273-37, who states that he and Bey, along with a Japanese patent attorney, an engineering student, and a systems engineer,

1    analyzed defendants' cell phone and watches and produced a report confirming Fujinomaki's

2    infringement claims before the lawsuit was ever filed.

3          Defendants ask the Court to disregard Ichinomiya's declaration because plaintiff "refus[ed]

4    to provide this discovery" after Bey's allegations about Fujinomaki's lack of pre-suit investigation

5    came to light. Dkt. No. 276 at 3. But defendants do not identify any interrogatory or even any

6    informal requests pertaining to what pre-suit research or testing Fujinomaki actually undertook.

7    Indeed, most of the discovery and motions practice in this case has centered on defendants'

8    obviousness contentions before the PTAB, and on the motion to transfer venue -- not on plaintiff's

9    infringement contentions.

10         Second, defendants say that it was objectively unreasonable for Fujinomaki to oppose the

11   motion to transfer to California. That is not well-taken. Defendants object to the scope of venue

12   discovery sought by plaintiff, but that discovery was granted by the Texas court after the court *sua*

13   *sponte* ordered an evidentiary hearing on the motion to transfer. *See* Dkt. No. 273-1 ¶ 35; Dkt.

14   No. 273-23. Although the Texas court transferred the lawsuit to the Northern District after

15   considering the Section 1404 factors, that alone fails to show that plaintiff's opposition was

16   egregious so as to warrant sanctions. Motions to transfer for the convenience of the parties and

17   witnesses are commonplace in federal district court. Defendants did not contest venue, and at

18   least one defendant had its North American headquarters in the Eastern District of Texas.

19         Defendants have failed to show that this case was egregious or exceptional, and fees under

20   Section 285 are consequently denied. For the same reasons, defendants have failed to show that

21   plaintiff behaved "unreasonably and vexatiously," and sanctions under Section 1927 are denied as

22   well.

23         **IT IS SO ORDERED.**

24   Dated: July 31, 2018

25

26   _____

27   JAMES DONATO
     United States District Judge

28